■ EMERY I. NAGY, Appellant, v SIDNEY C. WOOD, as Personal Representative of the Estate of HELEN B. THOMPSON, Deceased, Respondent and Third-Party Plaintiff-Respondent. SEAMEN'S BANK FOR SAVINGS et al., Third-Party Defendants-Respondents. — Order, Supreme Court, New York County (M. Evans, J.), entered on May 14, 1981, affirmed. Defendant-respondent and defendant third-party plaintiff-respondent shall recover of appellant one bill of $75 costs and disbursements of this appeal. Concur — Sullivan, Ross, Carro and Lupiano, JJ.

Kupferman, J. P., dissents in part in a memorandum as follows: Plaintiff-appellant, a member of the New York Bar, was named executor and a legatee of the estate of a client who later died a domiciliary of Florida. The defendant-respondent was appointed as administrator of the decedent's estate in Florida. After contest in Florida with respect to the rights of the parties, there was a settlement which declared the will invalid and provided for the payment to the plaintiff of $18,000, which was conceded to be a proper claim against the estate, and a payment to one other, with the balance of the assets in the estate to go to the decedent's sister. This was made a final judgment of distribution in the Probate Division Court in Palm Beach, Florida. One of the assets in the estate was a certificate of deposit at the Seamen's Bank in New York. The defendant-respondent administrator requested release of the funds, and the plaintiff asked for his $18,000 therefrom. The defendant refused to allow this requesting that all of the funds be transmitted to him, and that thereafter the plaintiff would be paid. The bank refused to release the funds, and the plaintiff

moved for an order of attachment based on his $18,000 judgment, and the Sheriff levied on the bank account. The court at Special Term confirmed the Florida judgment as a judgment of the New York court, but otherwise denied any relief to the plaintiff with respect to the funds, and it granted the defendant administrator's cross motion for summary judgment in lieu of complaint for immediate possession of all of the funds. The determination at Special Term was partially improvident with respect to the cross motion. It is obvious that the plaintiff is entitled to the $18,000. There is no need for the roundabout method of transmitting all of the funds to Florida and then sending the $18,000 back to the plaintiff in New York. The court at Special Term having confirmed the Florida judgment as a New York judgment, and there having been no appeal by the defendant with respect thereto, the plaintiff is entitled to the money, or, at the very least, is entitled to have it remain in New York in order to satisfy his judgment. There being some dispute as to whether the plaintiff has fully complied with the settlement, it may well be that he is not entitled to summary judgment, but he should have the assets to cover his claim in New York rather than in Florida.